# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JULIA A. BROYLES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   CAUSE NO. 1:08-CV-213 |
| | ) |
| MID-WEST DENTAL LABORATORY, INC., | ) |
| and YOUNG INNOVATIONS, INC., | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER DENYING APPROVAL
## OF STIPULATED PROTECTIVE ORDER

The parties seek the Court's approval of a proposed protective order stipulated to by the parties. (Docket # 16.) As the proposed order, which extends beyond the discovery phase of the proceedings, is overly broad, it will be DENIED.

A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-56 (7th Cir. 1999); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). Here, the proposed order seeks to protect "information produced related to individual medical and tax information". (Proposed Stipulated Protective Order. ¶ 1, 3.)

The proposed order, however, contains no specific definition of "individual medical and tax information." Consequently, the Court is not satisfied that the parties know what particular information constitutes protected confidential information. *See Cincinnati Insurance*, 178 F.3d at 946.

Furthermore, the proposed allows documents "related to" individual medical and tax information to be filed under seal (*see* Proposed Agreed Protective Order ¶ 7), rather than solely protecting the actual confidential material through a method of redaction. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document); *see generally Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at *2 (N.D. Ill. July 29, 2004) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.").

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003). For these reasons, the Court hereby DENIES approval of the stipulated protective order submitted by the parties. Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus

far is inadequate.

SO ORDERED.

Enter for this 25th day of March, 2009.

S/ Roger B. Cosbey<br>Roger B. Cosbey,<br>United States Magistrate Judge